**FILED**
CLERK, U.S. DISTRICT COURT

DEC 21 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____vdr\_\_\_\_ **DEPUTY**

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SB MAIN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARCILLA HAYSLETT, et al., <br><br> Defendants. | **Case No. CV 16-9314-FMO (RAOx)** <br><br> **ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

## I.

## FACTUAL BACKGROUND

Plaintiff SB Main, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Marcilla Hayslett and Does 1 to 10 ("Defendants") on or about November 18, 2016. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendants are allegedly tenants of real property located in Los Angeles, California ("the property"). Compl., ¶¶ 1, 3, 6. Plaintiff is the owner of the property. *Id.* at ¶ 4.

Defendant Hayslett filed a Notice of Removal on December 16, 2016, invoking the Court's federal question jurisdiction under the "Protecting Tenants at Foreclosure Act of 2009." Removal at 2. The same day, Defendant Hayslett filed a Request to Proceed In Forma Pauperis. Dkt. No. 2.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

As noted above, Defendant Hayslett asserts that this Court has subject matter jurisdiction due to the existence of a federal question. (Removal at 2.) Section 1441 provides in relevant part that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

Here, the Court's review of the Notice of Removal and the attached Complaint makes clear that this Court does not have federal question jurisdiction over the instant matter. Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying federal question jurisdiction, and

therefore removal was improper. *See* 28 U.S.C. 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no federal question apparent on the face of Plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendant Hayslett's contention that federal question jurisdiction exists as a result of congressional enactment of Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). Removal at 2-7. The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430. Thus, to the extent defendants' defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: December 21, 2016

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE